# McLure *et al.* Trustees, *v.* Alabama Midland Railway Co.

### *Bill in Equity to enjoin Ejectment Suit.*

1. *Injunction in favor of railroad company; when payment of compensation condition precedent to granting relief.*—Where a bill is filed by a railroad company to enjoin an action of ejectment to recover the right of way of a railroad company, upon the theory that the defendant was equitably estopped from the recovery of the lands by acquiescence in the building and construction of the road, and the evidence shows that the property taken by the complainant railroad company and used as its right of way was the property of the defendant; that no compensation had ever been paid for said land, and that while the defendant did not object to the land being taken for railroad purposes, there was demand and claim made for compensation, and negotiations looking to a settlement of the claim were entered upon though they were never consummated, the complainant in such case is not entitled to the relief prayed for, without being compelled to pay compensation to the defendant for the lands so taken.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. A. H. ALSTON.

The facts of the case are sufficiently stated in the opinion.

M. N. CARLISLE, for appellant.

[McLure *et- al.* Trustees, v. Alabama Midland Railway Co.]

A. A. WILEY and A. C. WORTHY, *contra,* cited *S. & N. Ala. R. R. Co. v. A. G. S. R. R. Co.,* 102 Ala. 236; *Cowan v. Railroad Co.,* 118 Ala. 554; *Thornton v. Railroad Co.,* 84 Ala. 114.

DOWDELL, J.—The appellants as trustees of the Philadelphia Presbyterian Church brought suit in ejectment against the appellee Railway Company to recover the possession of the land described in their complaint, the same being a strip occupied by said Railway Company as a roadbed and right of way in the operation of its railroad. To enjoin said suit the present bill was filed by the appellee. The bill proceeds upon the theory of an equitable estoppel based upon knowledge and acquiescence on the part of the landowner in the building and construction of said railroad. The complainant in its bill avers its willingness to do equity and to pay just and "equitable" compensation for the land so occupied. Answer was made to the bill denying the allegations as to consent and acquiescence on the part of the respondents, and in this connection it is stated in the answer that after the survey and location of complainant's road in the early part of the year 1889, and after complainant had begun to cut the timber and clear off the right of way preparatory to grading and constructing its railroad, the respondents notified complainant's agents or officers that the land in question was the property of the Philadelphia Presbyterian Church, and demanded compensation and damages for the taking of the same for railroad purposes; that negotiations between respondents and such agents or officers were then begun with reference to an agreement as to compensation which continued for some time, but without ultimating in an agreement or settlement, and that during the pendency of such negotiations the work of the complainant company progressed to a completion of said road. The answer avers that compensation was never paid to respondents, and that they now claim compensation and damages for the taking of said property. On the pleadings as thus framed testimony was taken, and the cause was submitted for final decree on the pleadings and proof. A final decree was rendered

making the temporary injunction theretofore issued perpetual. From this decree the present appeal is prosecuted, and the same is now assigned as error.

We have not undertaken to set out all the averments of the bill, nor those of the answer, as we deem that unnecessary for the purposes of the case as presented here. What we have stated is sufficient for a proper consideration and for arriving at a just conclusion, on principles of law well settled by this court. The evidence very clearly shows that the land in question which was taken by the appellee Railway Company for railroad purposes, and now so held by said Railway Company in the operation of its said railroad, was and is the property of appellants as trustees of the Philadelphia Presbyterian Church, and the evidence further shows that no compensation has ever been paid for said land. The evidence clearly shows that while the appellant trustees did not object to the land being taken for railroad purposes, demand and claim for compensation were made, and negotiations looking to a settlement of the claim were entered upon, though no settlement was consummated. On the undisputed evidence there can be no doubt of the right of appellants to just and fair compensation for the land so taken by the appellee company and now occupied and used for railroad purposes. On this evidence under the pleadings as framed, the chancellor should not have granted the complainant the relief prayed for, without requiring as a condition precedent the payment of compensation, and he should have directed and ordered the holding of a reference to ascertain the amount of compensation to be made by the complainant.

The decree of the chancellor will be reversed, and the cause remanded for further proceedings in accordance with what we have said above.

Reversed and remanded.